UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LUIGI MONTES, | ) | |
| Institutional ID No. 19760-078, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:14-CV-005-BG |
| S. MCADAM, Warden, | ) | ECF |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Luigi Montes is a federal inmate incarcerated at the Giles W. Dalby Correctional Facility (Dalby Facility), a private correctional facility operated by Management & Training Corporation under contract with the Federal Bureau of Prisons.  He filed this civil rights action *pro se* and *in forma pauperis* complaining of the medical care he receives at the prison.

The district court thereafter transferred the case to the undersigned magistrate judge, and the undersigned required Montes to provide responses to a Questionnaire, and he complied. *See Brewster v. Dretke*, 587 F.3d 764, 767–78 (5th Cir. 2009); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (acknowledging the use of a questionnaire to aid review of a *pro se* litigant's complaint at the preliminary screening stage).  Responses to a questionnaire become part of the plaintiff's pleadings, *Berry*, 192 F.3d at 507, and the undersigned considered Montes' responses in conjunction with his Complaint.  The undersigned also considered authenticated medical records from Dalby Facility.

Based on the allegations in Montes' Complaint, his responses to the Questionnaire, and the authenticated medical records, it is recommended that the district court dismiss this action with prejudice.

## I.      <u>Standard of Review</u>

The court must screen a complaint brought *in forma pauperis* and dismiss it if the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2014).  An action is frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  The court has broad discretion in determining whether a complaint brought *in forma pauperis* should be dismissed and may dismiss the complaint based on the plaintiff's allegations as well as authenticated prison records.  *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (acknowledging that dismissals may be based on adequately identified or authenticated records).

## II.      <u>Montes' Allegations</u>

Montes alleges that he has been denied proper medical treatment and referral to a specialist for problems in his lower back.  He further claims that medical staff have prescribed excessive medications for his back pain that have caused damage to his lower back and kidneys.  Montes also complains of inadequate medical response to a hernia: he alleges "intentional negligence" in regard to his "hernia, kidney problems," and back problem, and he states in a grievance attached to his Complaint that x-rays are not adequate diagnostic tools for problems related to his hernia, kidneys, and back.  Pl.'s Compl. 7; Pl.'s Resp. 1.  He alleges in his responses that a physician at the Dalby Facility disagreed with a "practitioner" who recommended surgery for his hernia.  Pl.'s Resp. 2.

In regard to his back, Montes contends that physicians at a prison where he was previously incarcerated recommended that he be treated by an oncologist and undergo "other treatments" for his "spinal column and lower back."  Pl.'s Compl. 10.  He acknowledges in his responses to the

Questionnaire that he underwent an x-ray of his back, but he contends, as he did in the grievance attached to his Complaint, that an x-ray is not an adequate diagnostic tool for his back problem. He seeks injunctive relief.

## III.   Discussion

An inmate incarcerated at a private prison, such as Dalby Facility, may seek remedial action in federal court via an action for injunctive relief. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) (acknowledging that remedial action through grievances and suits for injunctive relief are available to an inmate incarcerated at a private prison); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (same). Injunctive relief, when warranted, is entered as a "means for preventing entities from acting unconstitutionally." *Malesko*, 534 U.S. at 74. Thus, injunctive relief may be appropriate if it is determined that prison officials are acting unconstitutionally. *See id.* Because Montes complains of inadequate and improper medical treatment, the question is whether the Defendants are acting in violation of the Eighth Amendment.

A prison official violates the Eighth Amendment when he acts with deliberate indifference to an inmate's serious needs, "constituting an unnecessary and wanton infliction of pain." *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (citation and internal quotation omitted). "Deliberate indifference," for purposes of Eighth Amendment analysis to prisoner medical claims, means that the prison official disregarded the prisoner's serious medical needs. *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (citations omitted). A prisoner who brings a claim of deliberate indifference carries the substantial burden of showing that the action he complains of constitutes cruel and unusual punishment; this standard is an "extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate

indifference may be found only if it is shown that medical staff "'refused to treat [the inmate], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

According to the authenticated medical records, medical staff at Dalby Facility are not acting unconstitutionally in regard to Montes' medical needs. Montes was thirty-three years old at the time of his transfer to the prison a little more than one year ago in August 2013. Diagnoses at that time included lap band surgery three years prior, obesity, thoracic pain, a left inguinal hernia, and anxiety. In regard to Montes' back pain, medical staff noted that he had been treated with naproxen, 500 mg, and medical staff decided to continue treatment with naproxen.

Thereafter in November 2013, Montes underwent x-rays of his lumbar spine and the results were "unremarkable." In December Montes underwent x-rays of his thoracic spine that showed evidence of degenerative osteoarthritis and mild scoliosis. With the exception of one instance, Montes has described his back pain as either a zero, a one, or a two on ten-point scale during clinic examinations.

In regard to Montes' kidneys, the authenticated records show that he has a history of kidney stones and complained on January 22, 2014, of four days of kidney pain. A urinalysis dipstick test showed blood in his urine. Medical staff responded by immediately changing Montes' prescription from naproxen, 500 mg, to Tylenol, 500 mg. In regard to Montes' hernia, medical staff have taken steps to alleviate any pain or problems that might arise as a result of the hernia: at the time of his transfer to Dalby Facility in August 2013, Montes was assigned to a lower bunk and to work that would not require lifting over 15 pounds.

Finally, medical staff have provided examination and routine monitoring of Montes' overall health.  For example, within the first two months of his incarceration at Dalby Facility, Montes underwent a dental examination and an eye examination and was provided glasses.  After he complained of pain in his knee during his first month at the prison, he underwent an x-ray, which showed no abnormalities.  According to the authenticated medical records, between January and April of this year, Montes underwent several urinalysis tests, blood tests, thyroid testing, an ECG, a chest x-ray, and a number of examinations in the clinic.  In response to complaints of anxiety and claustrophobia, medical staff moved Montes to a new cell and provided him with medication, although treatment with medication was discontinued at Montes' request.  The records also show that medical staff have encouraged Montes to lose weight and to wear Ted hose that his physician prescribed for varicose veins and edema in his legs.[1]

The type and frequency of medical care shown in the authenticated medical records cannot be characterized as deliberate indifference.  To the contrary, the records show that physicians have been responsive to Montes' complaints and have addressed them with medication and other forms of treatment and accommodation.  Although Montes may disagree with the x-ray results and the corresponding diagnoses and may believe that he should undergo a different type of diagnostic testing, allegations that medical staff are mistaken in their diagnosis of the prisoner's medical condition does not meet the deliberate indifference standard.  *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).  Nor do allegations that medical personnel should have attempted different diagnostic testing or alternative methods of treatment.  *Norton v. Dimanzana*, 122 F.3d 286, 292

---

[1] Medical staff is of the opinion that losing weight would alleviate some of Montes' medical conditions. According to the authenticated medical records, Montes is five feet, four inches tall, weighed 202 pounds at the time of his transfer to Dalby Facility, and weighed 222 pounds five months later when he filed this action.

(5th Cir.1997).  Such allegations may demonstrate a disagreement with medical treatment or medical judgment, but they do not demonstrate that prison staff acted with deliberate indifference to the inmate's serious medical needs.  *Id.*

In addition, assuming that medical staff erred in prescribing naproxen for Montes' back pain and further assuming that the medication harmed his kidneys, such action might be characterized as negligence, but it is not action that rises to the level of a constitutional violation.   An unforeseeable accident or consequence, "although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain."  *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  It is only allegations of acts or omissions of deliberate indifference to serious medical needs "that offend the evolving standards of decency" and violate the Eighth Amendment.  *Id.* at 106.   In this case, medical staff were responsive rather than deliberately indifferent because they immediately discontinued Montes' prescription for naproxen when results from urinalysis testing were abnormal.

The deliberate indifference standard applied to Eighth Amendment claims does not require prison staff to "comply with an optimal standard of care."  *Kitchen v. Dallas Co., Tex.*, --- F.3d ---, 2014 WL 3537022, (5th Cir. July 17, 2014).  Rather, prison staff must provide "adequate medical care."  *Boatright*, 709 F.3d 409 (citation and internal quotations omitted).  Prison staff at Dalby Facility have done so.  Like the inmate in *Norton*, the authenticated medical records show that Montes "was afforded extensive medical care by prison officials" who treated him at least once a month, prescribed medicine, and gave him medical supplies.  *Norton,* 122 F.3d at 534. Montes' allegations do not indicate that anyone at Dalby Facility has "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would

6

clearly evince a wanton disregard for any serious medical needs.'"  *Domino*, 239 F.3d at 756

(quoting *Johnson*, 759 F.2d at 1238).  Accordingly, Montes' allegations do not warrant injunctive

or any other form of relief.

## IV.   <u>Recommendation</u>

Based on the discussion in this Report and Recommendation, the undersigned recommends

that the district court dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

The undersigned further recommends that any pending motions be denied as moot and that

this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v.*

*Hammons*, 103 F.3d 383 (5th Cir. 1996) (setting forth the standard for assessing strikes under the

Prison Litigation Reform Act).

## V.   <u>Right to Object</u>

A copy of this Report and Recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)

(2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's Report and Recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate

judge is not specific.  Failure to file specific written objections will bar the aggrieved party from

appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs*.

*Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:          September 12, 2014.

NANCY M. KOENIG
United States Magistrate Judge